**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 16 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELMER SANCHEZ-BARRERA, | No. 15-73254 |
| Petitioner, | Agency No. A072-695-441 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2018**
San Francisco, California

Before: KLEINFELD and TALLMAN, Circuit Judges, and JACK,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Janis Graham Jack, United States District Judge for the Southern District of Texas, sitting by designation.

Elmer Sanchez-Barrera, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' dismissal of his appeal from an immigration judge's order denying his application for withholding of removal.[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review questions of law *de novo* and review the BIA's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). To qualify for withholding of removal, an applicant must demonstrate a clear probability of persecution "because of" a protected ground. 8 U.S.C. § 1231(b)(3)(A). As we recently explained in *Barajas-Romero v. Lynch*, the phrase "because of" means that the protected ground must be "a reason" for the alleged persecution. 846 F.3d 351, 358 (9th Cir. 2017). The "a reason" standard applicable to withholding claims is "less demanding" than the "one central reason" standard applicable to asylum claims. *Id*. at 360.

Even if we were to assume that the record established that Sanchez-Barrera had been persecuted on account of his anti-corruption opinion, the record does not compel entitlement to withholding of removal. And that is so even if his

---

[1] Sanchez did not challenge the IJ's denial of his application under the Convention Against Torture or the determination that he is ineligible for asylum because his application was filed past the one year statutory bar. The only issue before this Court is Sanchez's application for withholding of removal.

termination as a police officer and the unfounded criminal charges made against him were past persecution, shifting the burden of proof.

There is no evidence in the record to support the proposition that, if Sanchez-Barrera does not become a police officer again, he will nevertheless be persecuted on account of his anti-corruption opinion. At most, the mistreatment by his superior officer, set aside within one day by the judicial system, establishes that he is unlikely to be reemployed as a police officer, at least under the same superior officer. That is not persecution. As for the gang threats he received, the record does not show that they were directed at him as an individual, as opposed to in his capacity as a police officer. Since he need not become a police officer again, and his experience makes it unlikely that he will become a police officer again, the past gang threats do not establish a probability of persecution.

In order to obtain relief, Sanchez-Barrera would need a record that compelled the conclusion that there was a clear probability of persecution. The record does not compel that conclusion. Accordingly, the petition is **DENIED.**